# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| KRISTINE KAYE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | Case No. 3:16-cv-002878 |
| ANDREW SAUL, ) | Judge Aleta A. Trauger |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM AND ORDER

Before the court is the plaintiff Kristine Kaye's Motion for Award of Attorney Fees under 42 U.S.C. § 406(b). (Doc. No. 26.) The motion seeks attorney's fees in the sum of $37,764.90, which represents 25% of the past-due Social Security benefits to which Kaye is entitled, as calculated by Social Security Administration ("SSA"). The motion was filed in conjunction with a supporting Memorandum and various exhibits, including the SSA's Notice of Award; Notice of Decision – Fully Favorable; April 2, 2020 Order of Administrative Law Judge disapproving the fee agreement between the plaintiff and her representative; April 17, 2020 Request for Review of Fee Order; October 9, 2013 Fee Agreement; November 4, 2016 Social Security Representation Agreement for Representation in Federal Court; and "Exhibit to 406(b) Motion showing Additional Hours of Attorney Time." (Doc. Nos. 26-2, 26-3, 26-4, 26-8, 26-9, 26-10.) In addition, plaintiff's counsel cross-references his Affidavit submitted in connection with his previous petition for fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. (Doc. No. 22-1.)

The Commissioner filed a Response (Doc. No. 30), generally signaling that he has no objection to the motion for fees as long as the court independently ascertains that the fee awarded

is reasonable, in accordance with the guidance of the Supreme Court in *Gisbrecht v. Barnhart*, 535 U.S. 789 (2002).

I. **BACKGROUND**

Plaintiff Kristine Kay filed an application for Social Security disability insurance benefits on March 12, 2013, alleging a disability onset date of February 28, 2013. Her claim was denied initially and on reconsideration. She requested and received a hearing before an administrative law judge ("ALJ"), which took place on January 26, 2015. The ALJ also denied her claim, and the Appeals Council denied review on September 17, 2016.

On November 4, 2016, Kaye signed a retainer agreement authorizing attorney J. Michael Ivey to pursue an appeal of the denial of benefits in federal district court. (*See* Soc. Sec. Representation Agreement, Doc. No. 26-9.) The agreement specifically provides that, if the plaintiff's appeal was successful, resulting in the ultimate reversal of the unfavorable administrative decision and an award of back benefits, the attorney would be entitled to a fee of 25 percent of such back benefits. (*Id.*) The agreement also assigns the plaintiff's interest in any fees awarded under the EAJA to the attorney. (*Id.*)

The plaintiff commenced her lawsuit in this court by filing a Complaint on November 14, 2016. (Doc. No. 1.) She filed a Motion for Judgment on the Administrative Record and supporting Memorandum on March 27, 2017. (Doc. Nos. 11, 11-1.) The matter was referred to a magistrate judge, who issued a Report and Recommendation in May 2018, recommending that the plaintiff's Motion for Judgment be denied and that the Commissioner's determination be affirmed. (Doc. No. 14.) The plaintiff filed Objections to the Report and Recommendation (Doc. No. 17.) This court issued a Memorandum Opinion and Order on July 24, 2018, rejecting the Report and Recommendation, finding that the ALJ's decision was not properly supported—specifically because the ALJ had failed to give good reasons for the weight accorded a treating physician's

opinion—and remanding the case to the Social Security Administration for further proceedings. Judgment was entered that day. (Doc. Nos. 19–21.) Following entry of judgment, the plaintiff was awarded fees under the EAJA in the amount of $7,866.66. (Doc. Nos. 25.)

Following remand, a second hearing was held before a different ALJ on March 12, 2020. The ALJ returned a Fully Favorable Decision on April 2, 2020, awarding benefits dating from the plaintiff's original alleged disability onset date. At the same time, the ALJ entered an Order stating:

> In conformity with the Equal Access to Justice Act (EAJA) Order exhibited at 13A, dated November 6, 2018 [apparently referring to this court's Order, Doc. No. 25), which previously granted in part Attorney Fees under the EAJA in the amount of $7,866.66, I do not approve the fee agreement between you and your representative in the instant case dated October 2013 [Doc. No. 26-4].

(Doc. No. 26-3, at 9.)

Following entry of that Order, the plaintiff filed both a Fee Petition and a Request for Review of Fee Order to the Regional Chief Administrative Law Judge, explaining that the ALJ had incorrectly disapproved his Fee Agreement and withheld the Administrative Fee and overlooked or disregarded the fact that the EAJA fees awarded by this court are different from, and not duplicative of, the fees sought for work conducted in the administrative action, which were also covered by a completely separate fee agreement from that governing the work performed in the federal court action. (Doc. No. 26-8.) Both the Fee Request and Request for Review are still pending, but the plaintiff contends that, if they are rejected, that means that the ALJ's Order disapproving the fee agreement "explicitly offset[] the administrative fee against the EAJA award . . . , effectively making the EAJA fee $1,816.66 rather than the $7,866.66 this Court awarded." (Doc. No. 26-1, at 2.) On that basis, the plaintiff is requesting in the present motion a fee "in the amount of 25% of the back benefit [$37,764,90], less the net $1,816.66 EAJA fee, or $35,948.24." (*Id.* at 3.)

In support of the fee award, counsel submits that he spent 45.7 hours on the work in this court, as shown by the Affidavit submitted in support of the EAJA motion. He also claims that he spent an additional 22.6 hours contesting the ALJ's "erroneous offset of EAJA fees" "and work on other matters." (*Id.* at 3–4 (citing Doc. No. 26-10).) Based on that additional 22.6 hours, counsel asserts that the effective hourly rate for his work in the federal court action would be $526.33.[1] Counsel maintains that the requested fee is reasonable, given the character of the representation, the complex nature of the case, the outstanding result for the plaintiff following remand, the amount of time involved, and the fact that the significant delay in reaching a final resolution was not due to any action or inaction on the part of counsel.

In response, the Commissioner, as noted, does not oppose an award of fees or the reasonableness of the fee sought, though he recognizes that the court has an obligation to make an independent assessment of reasonableness. In addition, however, the Commissioner addresses counsel's fee dispute with the agency, arguing that any dispute over fees due for work before the agency under 42 U.S.C. § 406(a) is not before this court, has not been resolved at the agency level, and need not be addressed in this decision. He also argues that, even if the matter were resolved by the agency adversely to the plaintiff (or her attorney), the decision would not be subject to judicial review.

Finally, the Commissioner argues that the plaintiff's request for a "net" fee is improper, because the plaintiff's attorney, not the SSA, is obligated to refund to the plaintiff the lesser of any

---

[1] By the court's math, it would yield an effective hourly rate of $552.93, calculated as follows: $37,764.90 ÷ (45.7 + 22.6) = $552.93. Plaintiff's counsel, however, is apparently using the "net" fee requested of $35,948.24 to reach his figure, but "net" fee is not relevant to the court's determination. Any reimbursement of the EAJA fee for which counsel is responsible does not affect the total fee to which he is entitled. Courts recognize that the EAJA fee is duplicative of any fee awarded under § 406(b), not cumulative. *See, e.g.,*

fee awarded under § 404(b) and any fee already awarded under the EAJA. The Commissioner contends that "[t]his would be true regardless of any action the agency does or does not take to award fees under 406(a) as these are separate provisions." (Doc. No. 30, at 4.)

## II. LEGAL STANDARDS

"When a district court renders a favorable judgment to a social security claimant, § 406(b) permits a district court to award 'a reasonable [attorney's] fee . . . not in excess of 25 percent," payable "out of . . . [the claimant's] past-due benefits." *Lasley v. Comm'r of Soc. Sec.*, 771 F.3d 308, 309 (6th Cir. 2014) (quoting 42 U.S.C. § 406(b)(1)(A)). The Supreme Court has expressly recognized that contingency fee agreements authorizing a fee award not in excess of 25 percent of the total past-due benefits awarded are permissible, but the district court is required to examine the "reasonableness" of the fee requested under § 406(b), even if it is not opposed by the Commissioner. *Gisbrecht*, 535 U.S. at 807. The court's obligation to conduct a reasonableness review is especially important since the Commissioner does not have a "direct financial stake" in the disbursement of any funds under § 406(b) and, instead, plays a trustee-like role in the process. *Id.* at 798 n.6. The district court must review contingency agreements "as an independent check, to assure that they yield reasonable results in particular cases." *Id.*

In the Sixth Circuit, contingency fee agreements that comply with § 406(b)'s 25-percent cap are accorded a "rebuttable presumption of reasonableness," subject, however, to a "floor": "a hypothetical hourly rate that is less than twice the standard rate is *per se* reasonable, and a hypothetical hourly rate that is equal to or greater than twice the standard rate may well be reasonable." *Lasley*, 771 F.3d at 309 (quoting *Hayes v. Sec'y of Health & Human Servs.*, 923 F.2d 418, 422 (6th Cir. 1991)). That is, "a hypothetical hourly rate that is more than twice the standard rate will not automatically be held to constitute an unreasonable 'windfall.'" *Lasley*, 771 F.3d at 309. As the Sixth Circuit has explained:

> It is not at all unusual for contingent fees to translate into large hourly rates if the rate is computed as the trial judge has computed it here [by dividing the hours worked into the amount of the requested fee]. In assessing the reasonableness of a contingent fee award, we cannot ignore the fact that the attorney will not prevail every time. The hourly rate in the next contingent fee case will be zero, unless benefits are awarded. Contingent fees generally overcompensate in some cases and undercompensate in others. It is the nature of the beast.

*Royzer v. Sec'y of Health & Human Servs.*, 900 F.2d 981, 982 (6th Cir. 1990).

If the calculated hourly rate is above the "floor," then, in addressing the reasonableness of the requested fees under § 406(b), the court is to consider factors such as the character of the representation, the results achieved, the amount of time spent on the case, whether the attorney was responsible for any delay, and the attorney's normal hourly billing rate for noncontingent fee cases. *Gisbrecht*, 535 U.S. at 808. Other factors may include "what proportion of the hours worked constituted attorney time as opposed to clerical or paralegal time and the degree of difficulty of the case." *Hayes*, 923 F.2d at 422.

As for the EAJA fee, the Supreme Court has explained that "Congress harmonized fees payable by the Government under EAJA with fees payable under § 406(b) out of the claimant's past-due Social Security benefits in this manner: fee awards may be made under both prescriptions, but the claimant's attorney must refun[d] to the claimant the amount of the smaller fee." *Gisbrecht*, 535 U.S. at 796 (internal quotation marks and citation omitted).

Finally, a plaintiff's attorney's ability to recover fees for work performed while representing the plaintiff in the agency action is governed by 42 U.S.C. § 406(a) rather than by § 406(b). For representation in the administrative proceedings, the Social Security Act provides two ways to determine fees: "If a fee agreement exists, fees are capped at the lesser of 25% of past-due benefits or a set dollar amount—currently $6,000. Absent an agreement, the agency may set any 'reasonable' fee." *Culbertson v. Berryhill*, 139 S. Ct. 517, 518 (2019) (citing 42 U.S.C. §§

406(a)(2)(A), 406(a)(1)). In either event, the review procedures for fee disputes for fees incurred for work before the agency are governed by internal guidance. *See* HALLEX I-1-2-61, available at https:// www.ssa.gov/OP_Home/hallex/I-01/I-1-2-61.html (Fee Petition Administrative Review – General Policy) ("A fee authorization made after an administrative review is final and binding. It is not subject to further administrative or judicial review." (citing 20 CFR 404.903(f) and 416.1403(a)(6))).

## III. DISCUSSION

### A. The Fee Award

In this case, the fee requested is $37,764.90, which represents 25 percent of the past-due benefits awarded to the plaintiff.[2] Based on the itemization of his activities in the federal court case as set forth in the Affidavit of Counsel submitted in support of the plaintiff's request for EAJA fees, counsel devoted 45.7 hours to this matter. In responding to the plaintiff's request for EAJA fees, the Commissioner objected to 5.1 of these hours, arguing that the plaintiff's EAJA award should be limited to compensation for 40.6 hours at the rate of $193.76 per hour, or a total of $7,866.66. (Doc. No. 23, at 3.) The plaintiff did not challenge the Commissioner's proposed reduction in the amount of fees sought, and the parties ultimately agreed to an EAJA fee of $7866.66.

Plaintiff's counsel now claims that he spent an additional 22.6 hours on this case. (Doc. No. 26-1, at 3; *see also* Doc. No. 26-10, at 1.) His itemization of that time shows that a small portion of it was spent in reviewing the ALJ's decision; 9.6 hours were spent on pursuing a review of fees under § 406(a) before the Administration, and an additional 11.9 hours were spent on

---

[2] The total amount of past-due benefits awarded by the Social Security Administration is not clear from the record, but the Administration withheld $37,764.90 from the past-due amount, indicating that this sum amounts to 25 percent of the total award. (*See* Doc. No. 26-2, at 6.)

pursuing § 406(b) fees in this court. (Doc. No. 26-10, at 1.) He bases the number of hours reasonably expended on this case on the entire 45.7 hours plus the entire 22.6 hours subsequently spent on the fee issues. (*See* Doc. No. 26-1, at 4 (referencing "a total of 68.3 hours" of work on the district court case).)

The court finds that the time spent in the federal court case up until remand is the 40.6 hours to which the parties agreed in the context of the plaintiff's EAJA motion. Regarding counsel's "additional hours," time spent on the fee dispute before the agency is clearly not related to the federal court case. However, the time spent on the fee motion in this court is arguably countable in conducting a lodestar analysis, *see generally Ne. Ohio Coal. for the Homeless v. Husted*, 831 F.3d 686, 724 (6th Cir. 2016) (considering fee petition in the context of 42 U.S.C. § 1988), even though 11.9 hours seems somewhat excessive. Regardless, using 52.5 hours as the basis for performing a lodestar calculation (40.6 + 11.9), a fee in the amount requested by plaintiff's counsel, $37,764.90, would amount to payment based on a hypothetical hourly rate of $719.31.

Because the Social Security Act prohibits charging or collecting a non-contingent fee from a Social Security disability plaintiff, 42 U.S.C. § 406(b), it is not always a straight-forward proposition to determine a standard rate for the precise kind and quality of legal services provided in Social Security cases. Nonetheless, the court takes judicial notice that the standard rate for experienced Social Security attorneys in Middle Tennessee between 2016 and 2018, when counsel litigated this matter in federal court, was no more than $225. *See Agee v. Berryhill*, No. 3:12-CV-00958, 2017 WL 3888353, at *5, 8 (M.D. Tenn. Sept. 5, 2017) (Trauger, J.) (awarding EAJA fees calculated based on an hourly rate of $186.87, which, the court noted, was "not inconsistent with the rate awarded to other attorneys in social security actions in this circuit" (collecting cases)). The

hourly rate yielded by the attorney's fee sought—$719.31—is in excess of two times $225. Because the total fee requested is based on "a hypothetical hourly rate that is more than twice the standard rate," *Lasley*, 771 F.3d at 309, it cannot be deemed reasonable *per se*.

That does not mean the fee is *per se* unreasonable either, but the court nonetheless finds that a hypothetical hourly rate of $719.31 in this case amounts to something of a windfall, given that that figure is more than three times the high end of the range of standard fees in this community, the amount of time preparing the fee petition was excessive and was devoted, in substantial part, to addressing the agency's improper handling of the request for fees in connection with the agency action and to seeking to avoid counsel's obligation to avoid repayment of the full amount of the EAJA fees to his client. In addition, the large award of past-due benefits was based in part on the substantial delays in this case rather than on additional work by plaintiff's counsel. On the other hand, none of that delay was attributable to counsel, and the attorney, in fact, has been forced to wait a very long time for a full return on his investment in this case. And his success on remand was complete, as benefits were awarded based on the originally alleged disability onset date. Based in part on the length of time the attorney has had to wait to recover a fee, through no fault of his own, and in part on his years of experience and the excellent result achieved in this case, the court finds that a reasonable fee in this case would be $30,500. A fee in excess of that amount would not be reasonable in light of all the factors relevant to the determination.[3]

Based on all of these considerations, the court will grant the plaintiff's motion in part and award a fee of $30,500.

---

[3] This fee, reduced to a lodestar calculation, means that counsel is being compensated at the rate of approximately $580.95 per hour.

B. The EAJA Offset Issue

Although the court is hopeful that counsel will ultimately resolve the agency fee dispute in his favor, since it seems clear that the ALJ's rejection of his fee request was in error, it is equally clear that the agency's fee decision under § 406(a), whatever it may ultimately be, is entirely discretionary with the agency. *See Horenstein v. Sec'y of Health & Human Servs.*, 35 F.3d 261, 262 (6th Cir. 1994) ("[I]n cases where the court remands the case back to the Secretary for further proceedings, the court will set the fee—limited to 25 percent of past-due benefits—for the work performed before it, *and the Secretary will award whatever fee the Secretary deems reasonable for the work performed on remand and prior administrative proceedings*." (emphasis added)); *accord Palmer v. Barnhart*, 89 F. App'x 806, 809 (3d Cir. 2004) ("The Agency had the authority to determine the reasonableness of the fee request as set forth by 42 U.S.C. § 406(a)(1). The Social Security Act, 42 U.S.C. § 405(h) precludes federal courts from exercising jurisdiction over the decision of the Commissioner of Social Security fixing the fee of counsel for services rendered in administrative proceedings. . . . The fee determination under 42 U.S.C. § 406(a) is not a 'final decision' under § 405(g) which is subject to judicial review."); *Cuthbert v. Sec'y, Dep't of Health and Human Servs.*, 784 F.2d 1157, 1159 (4th Cir. 1985) ("There is no judicial review of an administrative determination that a certain amount of money is a reasonable fee for services in the administrative proceeding." (citing *Thomason v. Schweiker*, 692 F.2d 333, 335–36 (4th Cir. 1982)); *accord* HALLEX I-1-2-61, *supra* ("A fee authorization made after an administrative review is . . . not subject to . . . judicial review.").

Moreover, the Supreme Court and the Sixth Circuit have both made it clear that counsel is responsible for reimbursing the plaintiff in the amount of the lesser of the EAJA fee and the fee awarded by this court. *Gisbrecht*, 535 U.S. at 796; *accord Minor v. Comm'r of Soc. Sec.*, 826 F.3d 878, 881 (6th Cir. 2016) ("[A]n EAJA award offsets an award under Section 406(b) . . . ." (citing

*Gisbrecht*); *Jankovich v. Bowen*, 868 F.2d 867, 871 n.1 (6th Cir. 1989) ("[The EAJA] prohibits attorneys from collecting both EAJA fees and § 406(b) fees in the same case. In the situation of dual entitlement, the attorney must refund the amount of the smaller fee to the claimant." (citation omitted)).

Counsel here, while not directly contesting or seeking review of the Agency's decision, is asking that his obligation to reimburse the EAJA fee to his client be offset by whatever amount the Agency wrongfully withholds from its § 406(a) fee award. The court concludes that it does not have the discretion to grant this request. The Supreme Court's interpretation of the EAJA is unambiguous: counsel is to repay to his client the lesser of the EAJA award or the § 406(b) award. The EAJA award is the lesser of the two in this case, and, once he receives the fee awarded by this Order, counsel will be responsible for repaying to his client the full amount of the EAJA payment he received in this case: $7,866.66.

## IV. CONCLUSION AND ORDER

For the reasons set forth herein, the plaintiff's motion for attorney's fees under 42 U.S.C. § 406(b) is **GRANTED IN PART**, and the plaintiff is awarded attorney's fees in the total amount of **$30,500**, which represents less than 25 percent of the past-due benefits awarded to the plaintiff by the Social Security Administration. Such fees shall be remitted directly by the defendant to plaintiff's counsel. Upon receipt of this sum, counsel for the plaintiff **SHALL** immediately remit to the plaintiff the previously awarded EAJA fees of **$7,866.66**.

Nothing in this Order will preclude the plaintiff's duly appointed representative(s) from requesting fees under 42 U.S.C. § 406(a) for time spent handling the plaintiff's case before the Social Security Administration.

It is so **ORDERED**.

_____
ALETA A. TRAUGER
United States District Judge